**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

———

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                             No. CRIM 01-630 BB

STEVEN DANIEL AKERS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court for consideration of Defendant's motion to suppress. The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be denied.

        Defendant has moved to suppress the evidence obtained as a result of Officer Barnes' search of a bag that had been located in the bed of Defendant's pick-up. The facts relevant to this motion are as follows: (1) Officer Barnes stopped Defendant for speeding; (2) Defendant could not produce a driver's license, vehicle registration, or proof of insurance, but did provide his name, date of birth, and a social security number that was almost, but not quite, correct; (3) Defendant also informed the officer that the truck belonged to his grandmother; (4) While Officer Barnes ran Defendant's name through the NCIC computer, Defendant called his "uncle," Danny Padilla, on his cell phone; (5) Defendant informed Mr. Padilla that he was about to be arrested because he knew there were warrants outstanding on him; (6) Defendant asked Mr. Padilla to come to the scene of the stop and take control of the truck; (7) When Mr. Padilla arrived at the scene, Defendant was in the process of being arrested for the outstanding warrants; (8) Officer Barnes refused to allow Mr. Padilla to take the truck, and told Defendant it would have to be towed; (9) Officer Barnes did say that Mr. Padilla

could take Defendant's two cell phones and some tools that Defendant claimed he shared with Mr. Padilla; (10) Defendant indicated to Mr. Padilla that he should take a bag that was located in the bed of the truck, and Mr. Padilla reached over the side of the truck and took the bag out of the bed; (11) Officer Barnes said that if the bag was going to be taken away, he would need to inventory the contents of the bag; (12) Officer Barnes either requested permission to look in the bag, or directed Mr. Padilla to put the bag on the ground, open it, and step away;[1] (13) Mr. Padilla did set the bag down, unzipped it, and stepped away; and (14) Officer Barnes looked in the bag and saw four "bricks" that he knew, from his training and experience, were controlled substances.

The United States has argued that the search of the bag should be upheld because it was a valid inventory search, it was conducted pursuant to a valid third-party consent, and it was a valid search pursuant to an arrest. The Court finds the search was a valid inventory search, and need not address the government's other arguments. The facts of this case indicate that the truck Defendant was driving was impounded, when Officer Barnes decided to have it towed instead of allowing Mr. Padilla to drive it away. The first question to answer, therefore, is whether the impoundment of the vehicle was reasonable under the Fourth Amendment. *See United States v. Andas-Gallardo*, 2001 WL 185142 (10th Cir.); *United States v. Haro-Salcedo*, 107 F.3d 769 (10th Cir. 1997). After reviewing the impoundment, the Court must determine the validity of the inventory search of the bag. *See id.*

---

[1] Due to the Court's resolution of the inventory-search issue, discussed below, it is not necessary to resolve this factual discrepancy. If the Court were to resolve it, the Court would find that Officer Barnes stated he needed to inventory the contents of the bag, and directed Mr. Padilla to set the bag down, open it, and step away. Both Officer Barnes and Mr. Padilla testified that this was what Mr. Padilla did; if there had been a simple request to look in the bag, it is more likely that Mr. Padilla would have simply handed the bag to Officer Barnes, or set it on the ground, rather than setting it down, opening it, and stepping away.

According to the Tenth Circuit, impoundment of a vehicle is constitutionally acceptable if the impoundment is pursuant either to an ordinance or statute, or to the community-caretaking function performed by police officers. *See United States v. Ibarra*, 955 F.2d 1405, 1408 (10th Cir. 1992). The government has not directed the Court's attention to any state law or local ordinance that might have authorized the towing of Defendant's truck. The government did provide a copy of the Albuquerque Police Department ("APD") Procedural Order concerning towing and wrecking services, but there is no indication that APD's internal policies and procedures could or should have the force of law. Therefore, the impoundment must be justified under the caretaking function. Considerations pertinent to this function, in impoundment cases, include protection of the general public, preventing loss or damage to the vehicle and its contents, and safeguarding police officers from liability claims resulting from their actions. *See, e.g., Smyth v. City of Lakewood*, 1996 WL 194715 (10th Cir.) (after arresting plaintiff police were entitled to have his car, full of belongings, towed away either for safekeeping or because it was a hazard, or both); *Haro-Salcedo* (vehicle could not legally be driven on Utah roads, due to lack of valid license plates and fact that no one in vehicle could provide proof of ownership or registration; availability of third party to drive the vehicle therefore did not make impoundment unconstitutional); *United States v. Hunnicutt*, 135 F.3d 1345, 1351 (10th Cir. 1998) (officers properly impounded vehicle in exercise of their community-caretaking function, where there was no verification of insurance and no evidence that arrestee had authority to permit a third party to drive the vehicle).

In this case, as in *Hunnicutt*, Defendant could not produce proof that the truck was insured, and could not produce a registration showing bearing the name of the owner of the truck. Officer Barnes was not required, therefore, to allow Mr. Padilla to drive away with the truck. Indeed, if Officer Barnes had done so, knowing there was no proof that the vehicle was insured as required

3

under New Mexico law, he would have opened himself up to liability if an accident occurred. Furthermore, since Defendant could not prove the truck belonged to his grandmother, and therefore could not prove he had authority to entrust the truck to a third party, Officer Barnes was not required to allow Mr. Padilla to drive it. The Court will therefore hold that Officer Barnes lawfully decided to impound the truck rather than releasing it to Mr. Padilla.[2]

When a vehicle has been lawfully impounded, officers have the right to conduct an inventory search of the vehicle and its contents. *See Haro-Salcedo*, 107 F.3d at 772-73. Such a search has three purposes: protection of the driver's property, protection of the police against claims of lost or stolen property, and protection of the police from potential danger. *Id.* Inventory searches are reasonable only if conducted according to standardized procedures. *Id.* An inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence, but must be an administrative procedure designed to produce an inventory.

There is no indication in this case that Officer Barnes used the inventory search as an excuse to search for incriminating evidence. He testified he had no reason to believe the bag contained anything but tools, and that testimony was credible. He also testified an inventory must always be performed if the vehicle is to be towed, which comports with APD's policy concerning towing. He specifically used the word "inventory" when he informed Defendant and Mr. Padilla, at the scene, that he would need to look in the bag if it was going to be removed from the scene. The Court therefore

---

[2]The Court notes, to the extent it is relevant to this issue, that Officer Barnes' decision was in accordance with APD's policies and procedures, which provide that a vehicle will be towed when the driver has been arrested and the vehicle cannot be released to a responsible party.

finds that Officer Barnes' purpose in examining the contents of the bag was to perform an inventory of its contents, not to search for evidence of a crime.[3]

The scope of the inventory search was in accordance with APD's standard procedures, which state that the officer must inventory the entire vehicle, including the trunk, glove box, truck bed, truck boxes, and all sealed and locked containers within. Since the inventory of the bag was pursuant to established procedures, and was performed for inventory purposes and not as a ruse to search for evidence, the Court must find the search was valid and the issue of consent, or lack thereof, is moot. The motion to suppress will therefore be denied.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion to suppress be, and hereby is, DENIED.

Dated this 5th day of July, 2001.

                                                BRUCE D. BLACK
                                                United States District Judge

---

[3] At the motion hearing, defense counsel focused on the fact that Officer Barnes never completed an inventory form. However, this was credibly explained by the fact that when the bricks of cocaine were discovered, the matter was turned over to narcotics detectives.

**ATTORNEYS**:

**For Plaintiff**:
Erlinda V. Ocampo
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103

**For Defendant**:
Hank Farrah
1400 Central Ave. S.E., Suite 2200
Albuquerque, New Mexico 87106